IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIBRAIL MALIK MUHAMMAD,   Plaintiff, | )<br>)<br>) |
| v. | )   CIVIL ACTION 12-134-KD-M |
| DONALD G. JEFFERSON,   Defendant. | )<br>)<br>) |

**ORDER**

This matter is before the Court on Plaintiff Jibrail Malik Muhammad's motion for leave to proceed *in forma pauperis* and for appointment of counsel.[1]  (Doc. 2).  Plaintiff's motion is **GRANTED in part** and **DENIED in part**.  Specifically, upon review of the financial information provided by Plaintiff, the Court finds that Plaintiff is indigent and may therefore proceed *in forma pauperis*.  However, recognizing both that a civil plaintiff has no constitutional right to counsel and that the Eleventh Circuit has held that courts should appoint counsel only in "exceptional circumstances, such as where facts and legal issues are so novel or complex as to require the assistance of a trained practitioner," see Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992), Plaintiff's request for counsel is **DENIED**.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review Plaintiff's complaint and dismiss the case if it determines that the action is frivolous, malicious, or fails to state a claim for which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (2006); see also

---

[1]  Plaintiff initially filed his *pro se* "Petition for Remedies" in the Northern District of Alabama. (Doc. 1).  On February 10, 2012, the Honorable C. Lynwood Smith, Jr., United States District Judge for the Northern District of Alabama transferred the case to the Southern District of Alabama along with 44 other apparently related actions that Plaintiff contemporaneously commenced in the Northern District.  (Doc. 3).  On March 7, 2012, the Clerk of Court assigned each of Plaintiff's 45 cases to the undersigned.

Bilal v. Driver, 251 F.3d 1346, 1348-49 (11th Cir. 2001) (dismissal under § 1915(e) is mandatory). Several principles guide the Court's inquiry. First is that, under 28 U.S.C. § 1915(e)(2)(B), "[a] claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). Another is that, though a *pro se* litigant's allegations are to be construed liberally, the Court "will not serve as de facto counsel or rewrite an otherwise deficient pleading in order to sustain an action." Johnson v. Wilbur, 375 F. App'x 960, 963 (11th Cir. 2010) (internal citation and quotation marks omitted).

Plaintiff's complaint alleges that, in July 2010, when Defendant Donald Jefferson ("Jefferson") was Superintendent of the Selma City Schools, Jefferson failed to send Plaintiff to a "neutral doctor for a medical evaluation." (Doc. 1 at 5, ¶ 14). The complaint also alleges that, in August 2010, Jefferson unlawfully deprived Plaintiff of his right to take emergency family medical leave. (Id. at 6, ¶ 15). Construed liberally, Plaintiff's complaint purports to assert a cause of action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and a cause of action under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

Whether asserted against Jefferson individually or officially,[2] both of Plaintiff's claims lack legal merit. With respect to the ADA claim, it is clear that Jefferson cannot be sued in his individual capacity for violating either the antidiscrimination or anti-retaliation provisions of the ADA. Albra v. Advan, Inc., 490 F.3d 826, 830 ("individual liability is precluded for violations of

---

[2] The Court also liberally construes Plaintiff's complaint as asserting both claims against Jefferson in his individual and official capacities. See Hull v. N.M. Taxation & Revenue Dep't, 179 F. App'x 445, 447 (10th Cir. 2006) (where *pro se* complaint did not indicate whether plaintiff was suing defendant in official or individual capacity, court will "give her the benefit of that doubt" and construe pleading as asserting both claims); Williams v. Hutchens, 870 F. Supp. 857, 861 (N.D. Ill. 1994) ("Williams does not specify whether he seeks relief against Hutchens in his individual or official capacity, or both. . . . It would not be fair to Williams, a *pro se* litigant, to adhere closely to . . . construe his complaint as stating only an official-capacity claim or only an individual-capacity claim. Instead, we will give him the benefit of the doubt and treat his complaint as stating both claims.").

the ADA's employment discrimination provision"); id. at 833-34 ("individual liability is precluded under § 12203 where the act or practice opposed by the plaintiff is made unlawful by Subchapter I of the ADA").  With respect to the FMLA claim, this Court lacks subject matter jurisdiction, because the Eleventh Circuit has held that a public official sued in his or her individual capacity is not an "employer" under the FMLA.  Wascura v. Carver, 169 F.3d 683, 687 (11th Cir. 1999).  Additionally, neither the ADA claim nor the FLMA claim should be prosecuted against Jefferson in his official capacity, given the Eleventh Circuit's holding that official capacity suits against individuals are redundant and inappropriate where, as here, the plaintiff has also sued his actual employer.[3]  See Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) ("there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly"); see also Adams v. Cobb Cnty. Sch. Dist., 242 F. App'x 616, 617 (11th Cir. 2007) (noting lower court's dismissal, on redundancy grounds, of school district employees named in official capacities where plaintiff also named district itself).

In accordance with the foregoing, the Court finds that Plaintiff's action is frivolous, and it is **ORDERED** that, prior to service of process, this action be **DISMISSED with prejudice**.

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, Judgment will be entered by separate document.

The Clerk of Court is **DIRECTED** to send a copy of this order to Plaintiff by U.S. Mail.

**DONE** and **ORDERED** this the **13th** day of **March 2012**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[3]  The Selma City School Board is the defendant named in Case No. 12-cv-115-KD-M.  But for the monetary damages demanded — $730,000,000 from Jefferson and $1,010,000,000 from the Selma City School Board — the complaints filed in the two cases are identical.

3